IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 1 1 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| KATHLEEN SEMIEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 03 C 4795 |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | Chief Judge Kocoras |
| NORTH AMERICA, | ) | Magistrate Judge Denlow |
| a CIGNA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

TO: Daniel Ryan
Peter Pederson
Hinshaw & Culbertson
222 N. LaSalle St.
Chicago, Illinois 60601

PLEASE TAKE NOTICE that on March 18, 2004, at the hour of 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Charles P. Kocoras, Chief Judge of the United States District Court for the Northern District of Illinois, and shall then and there present Plaintiff's Motion to Compel Discovery, a copy of which is hereby served upon you.

_____
One of the attorneys for plaintiff

Mark D. DeBofsky
Daley, DeBofsky & Bryant
1 N. LaSalle St., Suite 3800
Chicago, Illinois 60602
(312) 372-5200
FAX (312) 372-2778

DOCKETED
MAR 1 9 2004

## CERTIFICATE OF SERVICE

Mark D. DeBofsky, the attorney, certifies that he served the foregoing pleading by mailing copies thereof, first class postage affixed thereto, addressed to the individuals named herein, at Chicago, Illinois on March 11, 2004.

_____
Mark D. DeBofsky

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 11 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KATHLEEN SEMIEN, )
 )
Plaintiff )
 )
v. ) Case No. 03 C 4795
 )
LIFE INSURANCE COMPANY OF ) Chief Judge Kocoras
NORTH AMERICA, ) Magistrate Judge Denlow
a CIGNA COMPANY, )
 MAR 19 2004 )
 )
Defendant. )

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, by her attorneys, MARK D. DE BOFSKY, and DALEY, DE BOFSKY & BRYANT, in accordance with Fed.R.Civ.P. 37, hereby moves for an order compelling discovery and for sanctions. In support thereof, movant states:

1. On September 11, 2003, plaintiff served interrogatories (copy attached as Exhibit A) and a request for production (copy attached as Exhibit B) on defendant. Although defendant responded to discovery, plaintiff disputed certain responses provided by the defendant and itemized her objections in correspondence dated January 6, 2004 (copy attached at Exhibit C).

2. Counsel for plaintiff and defendant engaged in several discussions in January and February 2004 in an effort to resolve the issues; and on March 10, 2004, defendant provided additional documentation to plaintiff.

3. Although the parties have resolved the majority of the outstanding issues, one issue remains in dispute: Plaintiff's request, in Interrogatory No. 7 and in Request for Production No. 5, 7, 8 and 9, seeking additional information relating to certain parties who consulted with the defendant in adjudicating plaintiff's claim; i.e., Regain, Inc. and/or Lynn Lonberg, Intracorp,

I. Jack Abramson, M.D. and/or Jack Greener, M.D., and Eddie Sassoon, M.D., all of whom submitted reports in this matter contrary to reports of examining and treating physicians, although none of the individuals named ever examined Kathleen Semien. Plaintiff seeks discovery relating to compensation of those individuals as well as information as to the frequency with which those individuals have consulted for defendant. As plaintiff pointed out at page 2 of her letter of January 6, 2004 (Exhibit C), there is substantial legal support for plaintiff's request:

> The Supreme Court stated recently in *Black & Decker v. Nord*, 123 S.Ct. 1965, 1971 (2003), "Nor do we question the Court of Appeals' concern that physicians repeatedly retained by benefits plans may have an "incentive to make a finding of 'not disabled' in order to save their employers money and to preserve their own consulting arrangements." [citing *Regula v.* Delta] Id., at 1143. Based on that comment, we believe we have a right to obtain discovery relating to the relationship between CIGNA and the individuals and organizations who were involved in the claim determinations. Moreover, returning to *Crespo [v. Unum Life Insur.Co. of America*, 294 F. Supp. 2d 980 (N.D.Ill. 12/18/03)] for guidance, that decision cites earlier Seventh Circuit authority for the proposition that the claimant has the right, in ERISA claims, to "know[ ] what evidence the decision-maker relied upon, hav[e] an opportunity to address the accuracy and reliability of that evidence, and hav[e] the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision." *Brown v. Retirement Comm. of Briggs & Stratton Retirement Plan*, 797 F.2d 521, 534 (7th Cir. 1986). Neither the plaintiff nor the court can assess the reliability and accuracy of the claim determination without investigating the potential biases of the claim reviewers and consultants.

4. Based on the foregoing, the requested discovery is relevant – Rule 26(b) of the Federal Rules of Civil Procedure allows discovery as to "any matter, not privileged that is relevant to the claim or defense of any party..." Rule 1 of the Federal Rules of Civil Procedure applies the Rules to "all suits of a civil nature;" no exception is made for ERISA-governed cases. Moreover, ERISA contains no prohibition against discovery. Although the Court may later choose not to consider evidence outside the plaintiff's disability claim record, that should not be a bar on plaintiff's right to take discovery.

5. Any restrictions on discovery in ERISA cases based on *Perlman v. Swiss Bank Corporation*, 195 F.3d 975 (7th Cir. 1999) were likely due to the court's mistaken infusion of administrative law concepts into ERISA civil procedure, an error which was pointed out in *Herzberger v. Standard Insurance Company*, 205 F.3d 327 (7th Cir. 2000). Unlike administrative law cases, such as Social Security disability claims, there is no hearing that takes place prior to the claim reaching the district court; thus, claimants lack the due process protections that justify the summary nature of administrative law judicial review. Nor did plaintiff have any opportunity to obtain the discovery prior to the filing of suit since, unlike Social Security claims, there is no subpoena power that exists prior to the filing of suit pursuant to 29 U.S.C. §1132(a)(1)(B).

6. Since the purpose of the ERISA law is to protect contractually promised benefits (29 U.S.C. §1001(b)), it is antithetical to the law to allow an insurer to evade discovery that might generate evidence supporting her claim that benefits were improperly terminated. Certainly, if this case were not governed by the ERISA law, there would be no dispute as to plaintiff's entitlement to the discovery; and the Supreme Court ruled in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) that claimants should not fare worse off under ERISA than they did prior to that law's enactment.

7. Further, as noted in *Perlman*, "discovery may be appropriate to investigate a claim that the plan's administrator did not do what it said it did." 195 F.3d at 982. Plaintiff seeks discovery to determine whether defendant provided a full and fair review of his claim, including whether defendant's representatives applied appropriate expertise in consideration of the totality of evidence supporting plaintiff's multiple physical impairments, as well as the issue

of the funding for the benefit plan. Under the Federal Rules, discovery is appropriate to these relevant claims and defendant has claimed no privilege.

8. Despite the parties' good faith efforts to resolve this matter in compliance with Local Rule 37.2 by engaging in several meetings and discussions throughout the months of January and February 2004, although the parties were successful in substantially limiting the issues, the parties have not been able to reach a complete accord and were unable to resolve the issue set forth in paragraph 3 above .

WHEREFORE, plaintiff prays that the Court grant her motion to compel discovery. Plaintiff also prays that the Court grant him attorney' fees for the time spent in preparing and presenting this motion as well as any other sanctions appropriate under the circumstances.

Pursuant to 28 U.S.C. §1746, the undersigned declares under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2004.

_____
One of the attorneys for plaintiff

Mark D. DeBofsky
Daley, DeBofsky & Bryant
1 N. LaSalle St., Suite 3800
Chicago, Illinois 60602
(312) 372-5200
FAX (312) 372-2778

# See Case File for Exhibits