Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4795 | **DATE** | 4/20/2004 |
| **CASE TITLE** | Semien vs. Life Ins Co of North America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 8-1) to compel discovery is denied. Status hearing set for April 28, 2004 to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 21 2004 | |
| | Notified counsel by telephone. | date docketed | 17 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN SEMIEN, )
)
Plaintiff, )
)
vs. ) 03 C 4795
)
LIFE INSURANCE COMPANY OF NORTH )
AMERICA, a Cigna company, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff Kathleen Semien's ("Semien") motion to compel discovery. For the reasons set forth below, the motion is denied.

## BACKGROUND

Semien worked as a full time employee of BP Corporation ("BP") until May 2000, when she ceased working due to the effects of various medical conditions. Following her departure from BP, Semien filed for disability benefits with Defendant Life Insurance Company of North America ("LINA"), the administrator of the disability insurance coverage plan BP provides for its employees (the "Plan"), including Semien. After affording her disability benefits for almost two years, LINA

terminated Semien's benefits on October 22, 2002. LINA's decision to terminate Semien's benefits was based on its determination that Semien is not "disabled." On July 11, 2003, Semien filed suit in this court under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking LINA to award her disability benefits to which she is allegedly entitled under the Plan. Discovery is currently under way.

LINA has refused to answer one interrogatory and four document production requests involving certain individuals or entities (many of whom are physicians) that reviewed Semien's claim for benefits and consulted with LINA. Semien seeks discovery relating to the compensation of these individuals, information concerning the frequency with which they have consulted with LINA, and correspondence between these physicians or entities relating to Semien's claims. Semien considers this information relevant to the determination of whether LINA provided a full, fair, and unbiased review of her claims. LINA counters that the information sought by Semien is outside the scope of permissible discovery for ERISA cases of this nature.

## LEGAL STANDARD

Because discovery is a search for the truth, the Federal Rules of Civil Procedure ("FRCP") provide a court with broad discretion in resolving discovery disputes. Shapo v. Engle, 2001 WL 629303, *2 (N.D. Ill. 2001). In general "[p]arties may obtain

discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .." Fed. R. Civ. P. 26(b)(1). A discovery request should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. Shapo at *2 (citations omitted). In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules. Sabratek Liquidating LLC v. KPMG LLP, 2002 WL 31520993, *1 (N.D. Ill. 2002). For these reasons, courts commonly look unfavorably upon significant restrictions placed on the discovery process. Id. The burden rests on the objecting party to show why a particular discovery request is improper. Id. With these considerations in mind, we now turn to the present motion.

## DISCUSSION

Whether LINA had discretionary authority to terminate Semien's benefits is the first question in resolving the present motion to compel. The Plan's Employee Benefits Handbook provides that:

> The decision reached by an individual or entity with authority to respond to appeals is final, conclusive and not subject to further review. The plan administrator (or his authorized delegates) has full and exclusive authority and discretion to:
> - determine the eligibility of any individual to participate in and receive plan benefits; and
> - grant and deny claims under the plan, including the power to interpret the plans.

(Def. Ex. A, p. 6-9). Upon review of this provision, we find that it is of sufficient clarity to grant LINA discretionary authority in determining whether beneficiaries such as Semien are entitled to disability benefits. See Herzberger v. Standard Ins. Co., 205 F.3d 327 (7th Cir. 2000). As such, the appropriate standard of judicial review for this ERISA denial of benefits action is "the deferential 'arbitrary and capricious' one." Mers v. Marriott Int'l. Group Accidental Death and Dismemberment Plan, 144 F.3d 1014, 1019 (7th Cir. 1998) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989)).

In Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975 (7th Cir. 1999)), the Seventh Circuit examined the range of permissible discovery in ERISA cases reviewed under Firestone's "arbitrary and capricious" standard. The lower court, in reviewing plaintiff Perlman's claim for denial of benefits under the arbitrary and capricious standard, allowed discovery into the plan's decision-making analysis. It permitted discovery into the thought processes of the plan's staff, the training of those who considered Perlman's claims, and "in general who said what to whom" amongst plan officials. Perlman at 981. The Seventh Circuit disagreed. Even though the Seventh Circuit acknowledged that a plan administrator's self-interest is a factor to weigh in evaluating the plan's decision, it "does not affect the standard of review." Id. (citing Firestone at 115). The court noted that just because a plan has

(Def. Ex. A, p. 6-9). Upon review of this provision, we find that it is of sufficient clarity to grant LINA discretionary authority in determining whether beneficiaries such as Semien are entitled to disability benefits. See Herzberger v. Standard Ins. Co., 205 F.3d 327 (7th Cir. 2000). As such, the appropriate standard of judicial review for this ERISA denial of benefits action is "the deferential 'arbitrary and capricious' one." Mers v. Marriott Int'l. Group Accidental Death and Dismemberment Plan, 144 F.3d 1014, 1019 (7th Cir. 1998) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989)).

In Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975 (7th Cir. 1999)), the Seventh Circuit examined the range of permissible discovery in ERISA cases reviewed under Firestone's "arbitrary and capricious" standard. The lower court, in reviewing plaintiff Perlman's claim for denial of benefits under the arbitrary and capricious standard, allowed discovery into the plan's decision-making analysis. It permitted discovery into the thought processes of the plan's staff, the training of those who considered Perlman's claims, and "in general who said what to whom" amongst plan officials. Perlman at 981. The Seventh Circuit disagreed. Even though the Seventh Circuit acknowledged that a plan administrator's self-interest is a factor to weigh in evaluating the plan's decision, it "does not affect the standard of review." Id. (citing Firestone at 115). The court noted that just because a plan has

(Def. Ex. A, p. 6-9). Upon review of this provision, we find that it is of sufficient clarity to grant LINA discretionary authority in determining whether beneficiaries such as Semien are entitled to disability benefits. See Herzberger v. Standard Ins. Co., 205 F.3d 327 (7th Cir. 2000). As such, the appropriate standard of judicial review for this ERISA denial of benefits action is "the deferential 'arbitrary and capricious' one." Mers v. Marriott Int'l. Group Accidental Death and Dismemberment Plan, 144 F.3d 1014, 1019 (7th Cir. 1998) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989)).

In Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975 (7th Cir. 1999)), the Seventh Circuit examined the range of permissible discovery in ERISA cases reviewed under Firestone's "arbitrary and capricious" standard. The lower court, in reviewing plaintiff Perlman's claim for denial of benefits under the arbitrary and capricious standard, allowed discovery into the plan's decision-making analysis. It permitted discovery into the thought processes of the plan's staff, the training of those who considered Perlman's claims, and "in general who said what to whom" amongst plan officials. Perlman at 981. The Seventh Circuit disagreed. Even though the Seventh Circuit acknowledged that a plan administrator's self-interest is a factor to weigh in evaluating the plan's decision, it "does not affect the standard of review." Id. (citing Firestone at 115). The court noted that just because a plan has

a self-interest in expending less on the payment of benefits, its incentives do not necessarily filter down to the individual decision-makers. Id. at 981. Accordingly, absent an indication of impropriety, the scope of discovery is not to be expanded to permit inquiry into the plan's decision-making calculus as "[d]eferential review of an administrative decision means review on the administrative record." Id. at 981-82. The Perlman court held that for this reason:

> [W]hen there can be no doubt that the application was given a genuine evaluation [by the plan], judicial review is limited to the evidence that was submitted in support of the application for benefits, and the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency.

Id. at 982. This ruling is consistent with prior Seventh Circuit findings that when the arbitrary and capricious standard applies in ERISA cases, the only relevant materials for discovery are materials that were before the plan administrators when they reached their decision. See Trombetta v. Cragin Federal Bank for Sav. Employee Stock Ownership Plan, 102 F.3d 1435, 1438, n.1 (7th Cir. 1996). Since Perlman, courts in this district have refused to allow discovery on or to supplement the administrative record with material other than what a beneficiary submitted to a plan in support of his or her claim for benefits. Peltzer v. Life Ins. Co. of North America, 2002 WL 1858786

(N.D. Ill 2002); Heinze v. Life Ins. Co. of North America, 2002 WL 977434 (N.D. Ill. 2002).

Upon review of Semien's discovery requests, we find that they seek information that is squarely beyond the scope of permissible discovery under Perlman. While Semien cites a recent Supreme Court case, Black & Decker v. Nord, 123 S. Ct. 1965 (2003), wherein dicta relays a concern that plans may have a financial incentive to deny beneficiaries' claims, the case is neither on point nor controlling over the limits of discovery in denial of benefits cases. Also, Semien offers no indication, other than the fact's the LINA's consultants are paid for their services, that Semien's decision-makers would be biased against her. Because the information sought by Semien, namely the motivation and potential bias behind LINA affiliates, is material outside the administrative record that concerns the mental processes on which LINA's decision was based, discovery on the subject is impermissible under Perlman.

## CONCLUSION

Based on the foregoing analysis, Semien's motion to compel discovery is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR 2 0 2004